UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.:

ALBERT GREEN

      Plaintiff,

vs.

SPRINGS FOOD SERVICES L.C, a Florida Limited
Liability Company, a/k/a PALMAS RESTAURANT GROUP

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, ALBERT GREEN (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant SPRINGS FOOD SERVICES L.C, a Florida Limited Liability Company, a/k/a PALMAS RESTAURANT GROUP (hereinafter, "Defendant"), and states:

## **JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § § 1331, 1343.

3. The claims asserted in this Complaint arose in the Middle District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Lake Buena Vista Florida.

## PARTIES

5. Plaintiff was at all times relevant to this action, resided within the Middle District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a black male and is a member of a class protected under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq*., and hereinafter "FCRA") because the terms, conditions, and privileges of his employment were altered because of his race and/or color.

7. Further, Plaintiff was retaliated against for his complaints of discriminatory conduct on behalf of Defendant which places him within a class protected under Title VII and the FCRA.

8. Defendant is a Florida Limited Liability Company organized and existing in Florida and authorized to do business in Florida.

9.  Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about February 8, 2023. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was issued a Notice of Right to Sue on February 29, 2024. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

14. All other conditions precedent to this action have been performed or have been waived.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

15. Plaintiff was an employee of Defendant continuously from on or about 2014 until on or about October 17, 2022. At all times relevant, Plaintiff held a position as a receiving food handler.

16. Based on Plaintiff's tenure with the company, positive performance throughout his employment, and positive work history, Plaintiff was fully qualified for his position at the time all discriminatory events complained of herein occurred.

17. On or about August 2021, Mr. Wiflred Perez ("Perez") (Brown, Hispanic) was hired as the assistant manager and Plaintiff was placed under his direct supervision.

18. From the outset, Plaintiff noticed that Black African American employees were treated less favorably than their non-African American Non-Black counterparts by Perez.

19. Specifically, Perez spoke in a condescending and demeaning manner to Plaintiff and other Black African American employees on a regular basis. Perez did not speak in this manner to Hispanic and/or non-African American employees.

20. Perez would constantly demand that Plaintiff ended his breaks earlier than scheduled and would not allow Black employees to take lunch together but would allow other Non-Black employees to take their breaks and lunches together as scheduled. Plaintiff also noticed that Perez would assign work beyond their responsibilities to Plaintiff and other Black employees. Non-Black counterparts were not subjected to this treatment.

21. Perez's inability to work with Plaintiff caused problems and made it difficult for Plaintiff to do his job on many occasions. Plaintiff noticed that Perez would assign work beyond their

responsibilities to Plaintiff and other Black employees. Non-Black counterparts were not subjected to this treatment.

22. Perez was quick to admonish Plaintiff if there was any delay in completing tasks, but permitted Hispanic employees like Gerardo (LNU) (Hispanic), to be significantly behind in their duties or not complete their assignments without discipline.

23. Starting in March 2022 and through September 2022, Plaintiff complained directly to manager Joe Griffin (White, American), and through union representative Lorena Jimenez about the harassment and disparate treatment him and other Black employees were being subjected to by Perez all to no avail. Specifically, Plaintiff complained that Perez consistently treated him and other Black counterparts in a disparaging manner, cut their breaks short, systematically assigned Plaintiff work beyond his responsibilities, and publicly reprimanded and screamed at Plaintiff and other Black employees and verbally threatening their job.

24. While Defendant allowed Perez' disparate treatment of Black employees to permeate the workplace despite Plaintiff's complaints, the disparate treatment significantly worsened after September 2022, when Plaintiff once again complained to union representative Lorena Jimenez who requested a meeting with Joe Griffin to address these grievances.

25. In early October 2022, before Plaintiff went on vacation, Plaintiff spoke to Griffin about his pending complaints against Perez. In response, Griffin dismissed Plaintiff's complaints advising Plaintiff nothing could be done as new director Tim Buck (White American) was a friend of Perez.

26. Then on or about October 17, 2022, upon Plaintiff's return from vacation, Plaintiff was suspended without valid cause and ultimately terminated on October 28, 2022, in connection

to that suspension. The reason provided by Defendant that Plaintiff violated company policy was false.

27. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

28. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, color, and or complaints of discrimination were motivating factor(s) in the decision for adverse employment action(s).

29. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

32. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

33. Plaintiff is a member of a protected class, to wit, black race.

34. Defendant, by and through its supervisors and other representatives, did not treat Plaintiff the same as other non-black employees as alleged above.

35. Defendant, did not treat Plaintiff the same as other non-Black employees in that Plaintiff was not able to perform the tasks for which he was hired and was subject to discriminatory practices.

36. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

37. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Black employees were allowed better work opportunities.

38. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

39. The Plaintiff was qualified for the position apart from his apparent race.

40. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

41. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

42. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on

account of his race in violation of Act with respect to its decision to treat Plaintiff different from other non-black employees.

43. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

44. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

45. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

46. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**<u>COUNT II</u>**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON COLOR)**

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

48. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against on the basis of his color.

49. Plaintiff is a member of a protected class because the terms and conditions of his employment were altered due to his skin color.

50. Defendant, by and through its owner and managers, did not treat Plaintiff the same as non-black employees in that similarly situated non-black employees were compensated substantially more than the Plaintiff.

51. Defendant acted with intentional disregard for Plaintiff's rights under Title VII as a person based on the color of his skin.

52. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

8

national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

53. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

54. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

55. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

56. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of the color of his skin a violation of Act with respect to its decision to treat Plaintiff different from other employees.

57. Defendant's adverse actions against Plaintiff were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was Black, in violation of the Act.

58. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's skin color, was a motivating factor in the decision for the adverse employment action(s).

59. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

60. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

61. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
### VIOLATION OF THE CIVIL RIGHTS ACT
### (RETALIATION)

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

63. Plaintiff is a member of a protected class under Title VII, to wit he complained of discriminatory treatment.

64. Since Perez became Plaintiff's supervisor, Plaintiff made several complaints of disparate treatment to his supervisors including manager Joe Griffin (White, American) and director Tim Buck (White, American).

65. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the Act.

66. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

67. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

68. Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, including but not limited to the disparate treatment in pay and work assignment, (if any) are pretextual.

69. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT IV**</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON RACE)**

70. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

71. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff on the basis of his race, Black.

72. Plaintiff is a member of a protected class, to wit, Black race.

73. Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to unequal treatment based on his race.

74. Defendant's managers acted with intentional disregard for Plaintiff's rights as a person of Black race under the FCRA.

75. Defendant provided the Plaintiff with a reason for the disparate treatment were pretextual for unlawful discrimination. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor in its decision to force him to resign.

76. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

77. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

78. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

79. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT V**</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON COLOR)**

80. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

81. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was treated differently on the basis of the color of his skin.

82. Plaintiff is a member of a protected class because the terms and conditions of his employment were altered due to his skin color.

83. Defendant's managers and representatives acted with intentional disregard for Plaintiff's rights under the FCRA as a person based on the color of his skin.

14

84. Defendant's reason for the disparate treatment he was subjected to, if any was pretextual.

85. Plaintiff's skin color was, at minimum, a motivating factor for the disparate treatment of Plaintiff.

86. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

87. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

88. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

89. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT VI**</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(RETALIATION)**

90. Plaintiff re-alleges and re-avers paragraphs 1-30 as though full set forth herein.

91. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

92. Since Perez became Plaintiff's supervisor, Plaintiff made several complaints of disparate treatment to his supervisors including manager Joe Griffin (White, American) and director Tim Buck (White, American).

93. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FCRA.

94. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

95. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

96. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

97. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

98. Defendant's alleged reason(s) for the adverse employment action against Plaintiff, (if any) are pretextual as described above.

99. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

100.     Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff ALBERT GREEN demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: <u>May 29, 2024.</u>              Respectfully submitted,

_/s/ Nathaly Saavedra_
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Florida Bar No. 115784
Email: juan@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Waterford District Drive,
Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200

_Counsel for Plaintiff_